McCALEB, Justice
(dissenting in part).
I fully subscribe to the holding that there is some evidence to support the conviction *1011 of Linkletter but cannot agree with the majority conclusion that there was no evidence to connect Soldani with the crime. The testimony in the case at bar, as pointed out in the majority opinion, showed that Soldani’s automobile was used by Linkletter and Lacaze to transport oxygen and acetylene cylinders to 719 Common Street, the yeggmen’s headquarters, where their equipment was stored and from where their operations were conducted. The state also showed that the automobile, registered in the name of Soldani, was used to haul these oxygen and acetylene cylinders to and from Industrial Air Products Company and that Linkletter was issued a ticket for a traffic violation while driving this car.
In resolving that this evidence does not link Soldani with the burglary, the majority say “ * * * there was no showing as to how or under what circumstances the automobile was obtained by Linkletter, or that it was used in the commission of the burglary, or that Soldani was ever in it with or without his alleged co-conspirators.”
It is thus seen, from the foregoing quotation, that the majority is not concluding that there is no evidence at all to link Soldani with the crime; rather, the Court is evaluating the evidence that Soldani’s car was used to carry out the conspiracy and concluding that that evidence is insufficient to sustain his conviction. However, I do not understand that the Constitution permits the Court to weigh the evidence; that is the function of the jury. Section 9 of Article 19 of the Constitution declares, in part:
“The jury in all criminal cases shall be the judges of the law and of the facts on the question of guilt or innocence, having been charged as to the law applicable to the case by the presiding judge.”
Therefore, this Court, acting under the appellate jurisdiction conferred by Section 10 of Article 7 of the Constitution, which limits review in criminal cases to questions of law, is wholly without right to consider the sufficiency of evidence in a criminal case on the theory that a question of law has been presented. It is true, of course, that when there is a total lack of evidence to sustain a conviction, a question of law. is presented, and the Court may examine the record on appeal to ascertain if such is the case. But the court should always be extremely careful in applying this exception to be certain that the record reveals no evidence whatever of guilt, and not yield to the temptation of evaluating the evidence in determining its remoteness, lest the Court trench upon the jury’s constitutional prerogative to judge the facts. I do not feel that the evidence against Soldani in the instant case was so remote that it was inadmissible or that it had no bearing whatever to the crime.
It should be noted that the majority has also dismissed the evidence respecting Sol *1013 dani’s visit to the Elks Club (which was on' the list of places to be burglarized found in Linkletter’s apartment), where he wanted the manager to open the safe and demanded money, with the statement that Soldani was not masked or armed and that, when his demand was refused, he left the premises. It may be that the jury thought that the real purpose of Soldani’s visit to the Elks Club was to ascertain the location of the safe for a prospective burglary and that this fact, considered with the other circumstances, i. e., use of his automobile and association with Linkletter and Ruth Morrisson in the novelty shop business, was sufficient to convince it beyond a reasonable doubt that Soldani was part and parcel of the conspiracy and the burglary for which he had been charged with the other defendants.
So to say that there is no evidence at all to link Soldani with the crime is, in my view, incorrect. In reality, the Court is holding that the evidence on which the jury found him guilty is insufficient. To this I cannot subscribe and, therefore, I respectfully dissent in so far as the opinion annuls Soldani’s conviction and orders him discharged.